**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | )   **2:00cr177** |
| **FRED JOHNSON,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM ORDER**

On May 10, 2001 defendant Fred Johnson ("Johnson") entered a plea of guilty to all counts of a three-count Indictment before the Honorable Donald E. Ziegler.  Counts One and Two charged Johnson with distribution of and possession with intent to distribute heroin, while Count Three charged Johnson with distribution of and possession with intent to distribute cocaine base, *i.e.*, crack.  On July 24, 2001 Judge Ziegler sentenced Johnson to a 151 month term of imprisonment.  The judgment of conviction was also entered on July 24, 2001.  *See* Document No. 28.  No notice of appeal was filed, and the judgment of conviction became final on August 3, 2001 when the 10-day time period for filing a notice of appeal expired.  *See* Federal Rule of Appellate Procedure 4(b)(1)(A)(i); *United States v. Vance*, No. CIV.A. 00-5513, 2005 WL 697475, *2 (E.D. Pa. Mar. 23, 2005); *United States v. Viola*, No. CIV.A. 02-9014, 2003 WL 21545108, *1 (E.D. Pa. July 7, 2003) ("If no direct appeal is taken, the judgment of conviction is final 10 days after entry of the judgment on the district court's docket.") (*citing Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)).

On August 7, 2002, a letter dated August 1, 2002 from Johnson to the "Clerk of the U.S. Courts of Appeals for the Third District" was entered on this Court's docket as a notice of appeal from Johnson's judgment of conviction.  *See* Document No. 31.  The complete text of the letter is as follows: "Dear Clerk; In United States v. Fred Johnson, Docket #00-00177-001, I would like to appeal my sentencing.  I am about fourteen days past the dead line (*sic*) to appeal, please forgive me and place me on the Appeals docket.  Thank you.  Sincerely, Fred Johnson."  *See* Document No. 31.  In fact, Johnson's notice of appeal was filed exactly *one year* and fourteen days after the judgment of conviction was entered, and was therefore untimely.  The case file also

contains another letter dated August 1, 2002 from Johnson to the Clerk of the Third Circuit. Said letter, which was apparently sent to this Court, rather than directly to the Third Circuit, and was *not* filed on this Court's docket, reads as follows: "Dear Clerk; Please appoint me a lawyer to do my appeal. I will be filing a §2255 on my former lawyer. Thank you. Sincerely, Fred Johnson."

The District Court Clerk sent the record to the Third Circuit on August 7, 2002, which was the same day that Johnson's untimely notice of appeal was filed. By Order of August 9, 2004, a panel of the Third Circuit concluded that Johnson's notice of appeal was untimely, and that the Third Circuit lacked jurisdiction to hear the appeal. *See* Document No. 32. The Third Circuit also remanded the appeal to this Court "so that the District Court may consider whether the document submitted by Appellant and treated as a notice of appeal should be construed as a petition to vacate sentence under 28 U.S.C. § 2255." *Id.* However, the Third Circuit cautioned that it "is not expressing any opinion on whether the document may be so construed nor whether the District Court has jurisdiction to grant Appellant relief under that section." *Id.*

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts "commonly recharacterized ... pro se post-conviction motions as § 2255 motions. This practice developed both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." *U.S. v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999). "Under the aegis of AEDPA, however, with its sharp limitation on second or successive petitions, if a district court recharacterizes a pro se petitioner's poorly drafted post-conviction motion as a § 2255 petition and dismisses the motion on the merits, the petitioner is effectively barred from later filing a full-fledged collateral attack upon his conviction." *Id.*[1]

The Court will not construe Johnson's letter dated August 1, 2002 as a petition to vacate sentence under 28 U.S.C. § 2255. The language of the letter makes no reference whatsoever to section 2255, nor does it make any other request for relief other than to "appeal my sentencing" and to "place me on the Appeals docket." The Court recognizes that there is no need to invoke

---

[1] The Court has fully considered sending Johnson a *Miller* notice and declines to do so because there is no reasonable way to construe his letter dated August 1, 2002, as a section 2255 petition.

section 2255 by name to have a motion, petition or some other post-conviction filing construed as a section 2255 petition. However, at the very least, in order to be construed as a section 2255 petition a filing should contain a statement of the basic relief sought and the basis for the request for relief. *See, e.g.,* Rule 2(b) of the Rules Governing Section 2255 Proceedings ("The Motion must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant. "). Indeed, the District Court Clerk's docketing of Johnson's letter as a notice of appeal was entirely consistent with its language; it would simply be unreasonable to treat the letter otherwise. Therefore, the Court finds and rules that Johnson's letter dated August 1, 2002, was properly construed as a notice of appeal by the District Court Clerk, and the undersigned will do likewise.[2]

Finally, the Court expresses no opinion as to whether an appropriate section 2255 petition filed by Johnson would or would not be time-barred by the AEDPA.

It is **SO ORDERED** this 1st day of July, 2005.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

---

[2]  The Court's conclusion does not change if the second (unfiled) letter is viewed in conjunction with Document No. 31. In the second letter Johnson requests the appointment of a lawyer for his appeal; he also states that he "will be filing a § 2255 on [his] former lawyer." The second letter can be read to distinguish between a direct appeal and a section 2255 petition, which would indicate that Johnson did not intend the letter filed on August 7, 2002 to operate as a section 2255 petition. Additionally, the statement in the second letter that Johnson "will be filing a § 2255 on my former lawyer" reflects that the letter filed as Document No. 31 was *not* intended to be a section 2255 petition.

3

cc:     Fred Johnson, *pro se*
        Reg. No. 06964-068
        FCI Cumberland, Unit D-1
        P.O. Box 1000
        Cumberland, MD 21501-1000

        Troy Rivetti, Esquire
        Assistant United States Attorney
        United States Attorney's Office
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219

        Jay J. Finkelstein, Esquire
        Karen Sirianni Gerlach, Esquire
        Federal Public Defender's Office
        1001 Liberty Avenue
        1450 Liberty Center
        Pittsburgh, PA 15222-3716