IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| -vs- | : | Case Number: 2:00Cr177 |
| | : | |
| FRED JOHNSON | : | |

**FILED**
JUL 2 9 2005
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANI.

MOTION TO RECONSIDER ORDER TO FILE PETITION
TO VACATE SENTENCE UNDER 28 U.S.C. §2255

NOW COMES Petitioner, Fred Johnson, pro-se, and moves this Honorable Court to reconsider it's order dated July 1, 2005, denying Petitioner's right to file a petition under Title 28 U.S.C. §2255, Motion to Vacate.

1.  On May 10, 2001, Defendant Fred Johnson entered a plea of guilty to all counts of a Three Count Indictment, before the Honorable Donald E. Ziegler. Count One and Two charged Johnson with distribution of and possession with intent to distribute Heroin, while Count Three charged Johnson with distribution of and possession with intent to distribute cocaine base, i.e., crack. On July 24, 2001, Judge Ziegler sentenced Johnson to a 151 month term of imprisonment. The Judgment of Conviction was also entered on July 24, 2001. No notice of appeal was filed and the judgment of conviction became final on August 3, 2001, when the 10-day time period for filing a Notice of Appeal expired.

2. On August 1, 2002, two days before the deadline to file a 28 U.S.C. §2255 Motion to Vacate, petitioner sent out two letters which one was sent to the Clerk of Courts for the Western District of Pennsylvania and the second sent to the Clerk of the U.S. Court of Appeals for the 3rd District.

3. On August 7, 2002, a letter dated August 1, 2002, from Johnson to the Clerk of the U.S. Court of Appeals for the Third Circuit was entered on this Court's Docket as a Notice of Appeal from Johnson's Judgment of Conviction. Document 31. The other letter was sent to your Clerk of Courts stating that Johnson wished to file a 28 U.S.C. §2255 Motion, pro-se, on my former lawyer and I wish the Court would appoint me counsel to help me out.

4. The District Court Clerk sent the record to the Third Circuit on August 7, 2002. By Order of August 9, 2004, a panel of the Third Circuit concluded that Johnson's Notice of Appeal was untimely, and that the Third Circuit lack of jurisdiction of hearing the appeal. See Document No. 32. The Third Circuit also remanded the appeal to the District Court, "so that the district court may consider whether the document submitted by Petitioner and treated as a Notice of Appeal should be construed as a petition to vacate sentence under 28 U.S.C. §2255.

   The District Court denied Petitioner's right to construe Johnson's letter dated August 1, 2002, as a petition to vacate sentence under 28 U.S.C. §2255.

5. The Petitioner informed his former attorney, Jay J. Finkelstein on June 29, 2002, that he intended to file a 28 U.S.C. §2255 and that he needed his help and advise on how to file a 28 U.S.C.

-2-

§2255 Motion to Vacate sentence. The attorney, Jay J. Findelstein, said to me over the phone that he would get back with me soon, but never did.

6. The Petitioner knew that there was a time limitation for filing a 28 U.S.C. §2255 Motion to Vacate Sentence. So on August 1, 2002, two days before the deadline the Petitioner sent 2 letters to the Court system. One to the Clerk of the U.S. Court of Appeals for the Third District and the other letter to the Western District of Pennsylvania U.S. Clerk of Courts, informing the Court that he wanted to file a 28 U.S.C. §2255 Motion, but didn't have the know how and his attorney would not help him or communicate with him.

7. The Court also was in error when it stated that I was over the one year limitation when I wrote the letter dated August 1, 2002. According to 28 U.S.C. §2255(1), states when the date on which the judgment of conviction becomes final.

   As the Court will note in Document 28, the Judgment of Conviction became final on August 3, 2002, two days after I wrote the Clerk of Courts for the Western District of Pennsylvania and the U.S. Clerk for the Third Circuit, on August 1, 2002.

8. The Petitioner sent the two letters to the Court on August 1, 2002, to inform the Court of his intentions to want to file a 28 U.S.C. §2255 and looking to the Court for guidance and ask for an appointment of counsel.

   Though the Petitioner did not state a basic relief sought and the basis for the request for relief. The Petitoner's two letters to the Court dated August 1, 2002, two days before his

one-year period of limitation was to expire "August 3, 2002" before the Judgment of Conviction became final. The Petitioner sent the letters as a Notice to the Court of his intent to file a 28 U.S.C. §2255 Motion to Vacate before the one-year time limitation expired.

WHEREFORE, the Petitioner request and prays that the Court reconsider and vacate it's previous order and that the Court reinstates Petitioner's right to file a 28 U.S.C. §2255 Motion to Vacate and appoint him counsel, and or conduct an evidentary hearing on this matter.

Dated: 7-22-05

Respectfully submitted,

*Fred J Cny*

Frederick Johnson, #06964-068
Pro-Se Petitioner
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| -vs- | : Criminal No. 2:00Cr177 |
| FREDRICK JOHNSON | : |

CERTIFICATE OF SERVICE

I hereby certify that the forgoing Motion has been served on the U.S. Clerk of Courts for the Western District of Pennsylvania, by first Class certified U.S. Mail, on this date.

Dated: 7-25-05

*[signature]*
Fredrick Johnson, #06964-068
Pro-Se Petitioner

-6-