IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 2:00cr177 |
| ) | |
| FRED JOHNSON,    ) | |
| ) | |
| Defendant.    ) | |

**Petition for Leave for Defendant to File First
Motion for Writ of Habeas Corpus *Nunc Pro Tunc***

  R. Damien Schorr, undersigned counsel, was appointed under the Criminal Justice Act to advise defendant Fred Johnson after his most recent *pro-se* pleadings and correspondence filed in this Court. The result is this Petition for Leave for Defendant to File First Motion for Writ of Habeas Corpus *Nunc Pro Tunc* pursuant to 28 U.S.C. § 2255. It is undersigned counsel's understanding that his appointment does not extend to preparing a Motion for Writ of Habeas Corpus, but, rather, solely to advise Mr. Johnson so that he may properly bring before this Court any issue that he believes exists. This Petition is drafted in part for the purpose of advising Mr. Johnson as to what he must do to properly file a § 2255 motion.

**Background**

  On September 26, 2000, Mr. Johnson was indicted in the United States District Court for the Western District of Pennsylvania on one count each of violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) - Distribution & Possession With Intent to Distribute Less Than 100 Grams of Heroin (Counts I & II) and one count of a violation of a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) - Distribution and Possession With Intent to Distribute Less Than 5 Grams of Crack Cocaine (Count III). Attorney Jay J. Finkelstein of the Federal Public Defender's office represented Mr. Johnson.

  Mr. Johnson pled guilty to all three counts on May 10, 2001. On July 20, 2001, he was sentenced to 151 months imprisonment. The Judgment of Conviction and Sentence was entered on the district court docket on July 24, 2001. On August 7, 2002, the Clerk of Court for the United States Court for the Western District of Pennsylvania entered on the docket a letter from Mr. Johnson dated August 1, 2002 that it characterized as a "Notice of Appeal" (the "Notice of Appeal letter"). Mr. Johnson also had delivered to the District Court another letter, also dated August 1, 2002, and addressed to the Third Circuit stating: "Dear Clerk; Please appoint me a lawyer to do my appeal. I will be filing a § 2255 on my former lawyer. Than you. Sincerely, Fred Johnson." (the "Habeas Letter"). The Habeas Letter was *not* filed in the docket for the Western District.

The Third Circuit, *two years later*, on August 9, 2004, issued an order dismissing Mr. Johnson's appeal and remanding to this Court for consideration whether the Notice of Appeal letter should be construed as a petition to vacate sentence. The Third Circuit did not express any opinion as to how that letter should be construed. It is not clear whether the Third Circuit ever got a copy of the Habeas Letter.

On July 1, 2005, this Court entered a Memorandum Order finding that the August 7, 2002 letter was properly construed as a Notice of Appeal by the District Court clerk. The Court expressed no opinion as to whether a petition brought by Mr. Johnson under 28 U.S.C. § 2255 would be time-barred by the Anti-Terrorism and Effective Death Penalty Act. Mr. Johnson then filed *pro-se*, on July 29, 2005, a Motion to Reconsider Order to File Petition to Vacate Sentence Under 28 U.S.C. § 2255. Subsequently, undersigned counsel was appointed.

**The Limitations Problem**

The Anti-Terrorism and Effective Death Penalty Act of 1996 placed a one year limitations period on the filing of any motions attacking a federal criminal sentence. 28 U.S.C. § 2255, ¶6. The limitations period begins to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which any impediment to making the motion which was imposed by the government in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making the motion by government action; (3) the date on which the right asserted was first recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or (4) the date on which the facts supporting the movant's claim or claims could have been discovered through the exercise or reasonable diligence.

Mr. Johnson's limitations period began to run on August 4, 2001, the eleventh day after the Judgment of Conviction and Sentence was entered on the docket in his case, when the time period for filing a Notice of Appeal expired. His August 1, 2002 Habeas Letter was within the one year limitations period. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999). However, the "AEDPA's statute of limitations period is subject to equitable tolling." *United States V. Bendolph*, 409 F.3d 155, 171 (3rd 2005) (Nygaard, concurring in part and dissenting in part).

Tolling will occur when a petitioner "demonstrates reasonable diligence in bringing a claim, but has in some extraordinary way been prevented from asserting his or her rights. In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the 'extraordinary' circumstances required for equitable tolling.' We have also held, however, that there are 'narrow circumstances in which misbehavior of an attorney may merit such equitable relief.' For instance, in *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir.2001), a

habeas petitioner accused his attorney of leading him to believe that the attorney would file a habeas petition on his behalf, and of telling him that there were no time constraints on habeas petitions. We found that, if true, the allegations 'may constitute extraordinary circumstances to justify equitable tolling.' Nevertheless, because the Court was unable to determine the validity of the accusations, it remanded for a factual finding. *Id* at 170. (Citations omitted).

"Habeas corpus is not a luxury or an extravagance to be tolerated only when convenience permits. It is a fundamental protection of liberty 'against arbitrary and wrongful imprisonment' that predates these United States. The Framers viewed it as 'the highest safeguard of liberty,' – a protection against arbitrary punishment and convictions to be 'provided for in the most ample manner,'. Since the 1970s, however, the road to habeas relief has 'become a narrow[ ], more tortuous track among concealed snake-pits and anti-personnel mines calculated to daze cartographers and daunt a modern Gilgamesh.' We continue to pile on "petty procedural barriers," resulting in a 'Byzantine morass of arbitrary, unnecessary, and unjustifiable impediments to the vindication of federal rights.' This, in my view, is a great tragedy." *Id*. at 176. (Citations omitted.)

Mr. Johnson's July 29, 2005 filing indicates that his letter (presumably the Habeas Letter) was his attempt to file a Motion for Writ of Habeas Corpus. He alleged that he did not have the "know how and his attorney would not help him or communicate with him." While the Habeas Letter and the July 29, 2005 filing indicate that Mr. Johnson believes that an ineffective assistance of counsel claim exists, it is not clear exactly what Mr. Johnson's habeas claim would be. It is equally unclear whether any issue Mr. Johnson raises would be of a nature that would justify this Court adjudicating it on the merits after the expiration of the one year limitations period. What is clear, however, is that Mr. Johnson was attempting to attain relief via habeas corpus within the statutory one year limitation period. He cannot be held responsible for a two year wait while the Third Circuit examined his Notice of Appeal letter and determined that it was untimely filed.

### Proposed Resolution to Mr. Johnson's Situation

It is respectfully suggested that Mr. Johnson's Habeas Letter be accepted by this Court as his best effort to obtain relief under 28 U.S.C. § 2255. It is further suggest that this Court order (to the extent that such an order is necessary) that Mr. Johnson be permitted to file, by a specified date, a Motion for Writ of Habeas Corpus as if he had done so within the one year limitation period. This Court can then rule on any such motion and Mr. Johnson's habeas corpus rights, as they existed on August 1, 2002, will have been preserved.

**Guidance for Mr. Johnson's Proposed Habeas Petition**

With the copy of this pleading sent to Mr. Johnson, undersigned counsel will include the following:

1. Copies of Rules 1 through 4 of Rules - Section 2255 Proceedings;
2. Copies of *United States v. Bendolph*, 409 F.3d 155 (3rd Cir. 2005) and *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999);
3. A copy of the mandated seven (7) page form for filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and
4. A copy of the mandated two (2) page form Application to Proceed Without Payment of Fees and Affidavit

Undersigned counsel also spoke today with the Clerk's Office for the Western District and arranged for any additional forms, not available on the Court's website, that Mr. Johnson must file with his motion, to be mailed directly to him.

**Conclusion**

This Court should give Mr. Johnson the benefit of the doubt. The procedural requirements that Congress has erected for habeas corpus litigants are confusing, difficult to understand, and, indeed, a quagmire. Mr. Johnson appears to have made a good faith effort to begin the habeas process within the limitations period called for under 28 U.S.C. § 2255. At this point the Court is not asked to rule on the merits of anything. It is only being asked to order that Mr. Johnson be permitted to actually file, *nunc pro tunc*, the habeas corpus motion that he appeared to have contemplated in August, 2002. A proposed Order is attached.

Respectfully submitted,

/s/ R. Damien Schorr
R. Damien Schorr
Pa. Id. No. 62928
1015 Irwin Drive
Pittsburgh, PA 15236
(412) 884-1597

Counsel for Fred Johnson

Dated: August 22, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 2:00cr177 |
| ) | |
| FRED JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On this _____ day of _____, 2005, upon consideration of the within Petition for Leave for Defendant to File First Motion for Writ of Habeas Corpus *Nunc Pro Tunc*, it is hereby ORDERED, that the Petition should be, and hereby is, GRANTED; and it is

FURTHER ORDERED, that defendant FRED JOHNSON shall file, within ninety (90) days from the date of this ORDER, any Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody raising all issues that may properly be brought before this Court in a Motion Under 28 U.S.C. § 2255; and it is

FURTHER ORDERED, that any such Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody shall be defendant FRED JOHNSON's first such motion.

By the Court,

_____
McVerry, J.