IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 00-177 |
| ) | |
| FRED JOHNSON ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
RECONSIDER ORDER TO FILE PETITION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255 AND DEFENDANT'S PETITION FOR LEAVE
TO FILE FIRST MOTION FOR WRIT OF HABEAS CORPUS NUNC PRO TUNC

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Assistant United States Attorney for said District, and respectfully files the following Government's Opposition to Defendant's Motion to Reconsider Order to File Petition to Vacate Sentence under 28 U.S.C. § 2255 (Docket No. 35) and Petition for Leave for Defendant to File First Motion for Writ of Habeas Corpus Nunc Pro Tunc (Docket No. 37):

I.   PROCEDURAL OVERVIEW

As this Court is aware, on May 10, 2001, defendant Fred Johnson pleaded guilty to two counts of distribution and possession with intent to distribute heroin (Counts One and Two of the Indictment) and distribution and possession with intent to distribute crack cocaine (Count Three of the Indictment).  See Docket No. 22.

Due to defendant Johnson's prior criminal history, he was deemed a career offender under the Sentencing Guidelines. On July 20, 2001, the Honorable Donald E. Ziegler sentenced Johnson to 151 months incarceration. <u>See</u> Docket No. 28. No appeal was taken.

On or about August 7, this Court received two letters ("First Letter" and "Second Letter") from Johnson, both of which were dated August 1, 2002. Among other things, as relevant to this matter, the First Letter stated, "I would like to appeal my sentencing. I am about fourteen days past the dead line to appeal, please forgive me and place me on the Appeals docket. Thank you." The Second Letter, also dated August 1, 2002, stated, "Please appoint me a lawyer to do my appeal. I will be filing a §2255 on my former lawyer. Thank you."

This Court sent the record to the Third Circuit. The Third Circuit thereafter ruled that the notice of appeal was untimely, but remanded to this Court to consider whether the First Letter should be treated as a motion under 28 U.S.C. § 2255.

On July 1, 2005, this Court ruled that the First Letter ("I would like to appeal my sentencing. I am about fourteen days past the dead line to appeal, please forgive me and place me on the Appeals docket. Thank you." ) should not be construed as a § 2255 motion. With that decision made, the Court is now confronted with the Second Letter ("Please appoint me a lawyer to do my appeal. I will be filing a §2255 on my former lawyer. Thank you.") should be considered a § 2255 motion.

Knowing that the issue is before the Court, Johnson now claims that his mere statement that "I *will* be filing a §2255 on my former lawyer" should be construed as his effort to file a § 2255 motion. In support, he insists that on June 29, 2002, he informed his trial counsel, Assistant Federal Public Defender Jay Finkelstein, that he intended to file a § 2255 motion, and that he needed trial counsel's help in doing so. Johnson also represents, for the first time, that trial counsel informed him that he would get back to Johnson soon, but he never did. Allegedly knowing there is a 1-year deadline to file a § 2255 motion, Johnson represents that he sent the two letters to this Court for the purpose of informing the Court that he wanted to file a § 2255 motion, but that he did not know how and his attorney would not help him or communicate with him concerning such matters.

In connection with the foregoing, counsel has been appointed to assist Johnson, and counsel has filed a Petition for Leave for Defendant to File First Motion for Writ of Habeas Corpus *Nunc Pro Tunc*. In that motion, counsel argues that the 1-year limitations period for the filing of the § 2255 motion should be subject to equitable tolling in the instant case. Johnson, although submitting no sworn statement, contends that despite the fact that the Second Letter does not state the basis for relief under § 2255, this Court should excuse it and toll the statute of limitations because Johnson allegedly had difficulty communicating

with counsel and was completely dependent upon counsel for the timely submission of a § 2255 motion.

As explained below, Johnson's motion and his counsel's petition both fail as a matter of law, and they should be denied.

>    II.  DEFENDANT'S BELATED ATTEMPT TO FILE A MOTION TO VACATE SENTENCE SHOULD BE DENIED AS UNTIMELY.

Accepting all allegations made by Johnson as true, this Court should reject Johnson's attempt to side-step the limitations period for the filing of § 2255 motions. Johnson did not meet the initial filing standards under § 2255 in a timely fashion, nor has he met the standards for equitable tolling some three years later. For these reasons, the government requests that Johnson's motion and his counsel's petition be denied.

>    A.  The petition must be filed within one year of the entry of final judgment.

"[F]ederal inmates who wish to file motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255 must adhere to a one-year period of limitation." Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998) (citing 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.")).

In Section 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress established a "1-year period of limitation" governing motions for collateral relief under 28 U.S.C.

§ 2255. Section 2255 provides that the statute of limitations begins to run from the latest of:

> (a) the date on which the judgment becomes final;
> (b) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;
> (c) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (d) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts explicitly provides that a § 2255 motion must "specify all the grounds for relief available to the moving party," must "state the facts supporting each ground," and must "state the relief requested."

For an individual such as Johnson (who did not file an appeal from his conviction and sentence), his judgment became final when the time for filing a notice of appeal expired (i.e., 10 days after his sentencing hearing). See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). The judgment was entered in this case on July 24, 2001. Therefore, August 3, 2002 was the cut-off period for the filing of a § 2255 motion in this case.

5

        B.    Johnson did not file a § 2255 motion within one year of his judgment of <u>conviction becoming final.</u>

In his motion, Johnson concedes that the Second Letter is not a § 2255 motion. <u>See</u> Defendant's Motion, ¶ 8 (the letters were sent "to inform the Court of his intentions to want to file" such a motion, and the letters "did not state a basic relief sought and the basis for the request for relief"). Johnson's counsel, on the other hand, suggests that the Second Letter should "be accepted by this Court as [Johnson's] best effort to obtain relief under 28 U.S.C. § 2255." <u>See</u> Petition, p. 3. The record is clear, however, that the Second Letter can not reasonably be construed as a § 2255 motion.

Although the First Letter and Second Letter were dated on August 1, 2002, and they presumably were sent through the prison mail system, their date and method of delivery do not transform them into a timely filed § 2255 motion. Indeed, this Court properly looked at the substance of the filings when examining the First Letter. There, the Court found that, by virtue of its content, the First Letter is not a § 2255 filing at all, but is rather a district court filing seeking the renewed opportunity for appellate relief. <u>See</u> July 1, 2005 Memorandum Order (Docket No. 34). And, as discussed below, the Second Letter simply requests legal assistance (i.e., legal assistance from anyone other than his original trial counsel) in favor of the very same relief.

In this respect, Johnson states in the Second Letter, "Please appoint me a lawyer to do my appeal. I will be filing a §2255 on my former lawyer. Thank you." The simple fact that Johnson states that he **will be filing** a § 2255 motion clarifies that the second August 1, 2002 letter is not a § 2255 motion at all. Indeed, when read along with First Letter, the Second Letter very clearly communicated merely that Johnson, seeking the opportunity for appellate relief, wanted nothing more than this Court's appointment of counsel -- someone other than trial counsel -- to assist him with a direct appeal. Johnson's mention of his plan in the future to file a habeas motion "on" his trial counsel simply explains the reason in support of his request for alternate counsel for purposes of appeal.

In addition, and equally as important, the Second Letter was not specific enough to serve as a habeas motion. The Second Letter utterly fails to specify the grounds for relief, the facts supporting each ground, and/or the relief requested, all of which is required by the rules governing § 2255 proceedings. Having declared in the Second Letter that he "will be filing" a § 2255 motion, Johnson still had a few days within which to file an initial, timely habeas motion that would satisfy these simple requirements. He chose not to do so.

Having addressed this preliminary matter, the central issue now before the Court is this: Should the Court grant

Johnson's present request to file a § 2255 motion, a request which comes almost three years after the statutory deadline, when it is based on the allegation that he had difficulty communicating with counsel concerning the preparation of his § 2255 motion and he was dependent upon counsel for the same?

      C.   The Court should not toll the limitations period.

The facts, as alleged by Johnson in his motion and petition, simply do not permit equitable tolling. First, and quite notably, a prisoner has no right to the assistance of counsel in preparing a § 2255 petition. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Second, Section 2255's 1-year limitations period is subject to equitable tolling in only rare circumstances, where the defendant has been denied his rights through the conduct of another. In Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998), the Third Circuit gave firm instructions:

> [W]e observe that equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126.

> Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); New Castle County, 111 F.3d at 1126.

Miller, 145 F.3d at 618-19. Accord Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003).

Significantly, even an attorney's negligence or error does not warrant equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). This is particularly so where the defendant is able through the exercise of due diligence to nevertheless research and draft a basic claim. Brown v. Shannon, 322 F.3d at 773-74.

Even accepting all of his allegations as true, Johnson's request for equitable tolling does not meet this heightened standard for several reasons. Foremost, despite his initial representation in his Second Letter drafted on August 1, 2002, that he "***will be*** filing" a § 2255 motion, Johnson did not file anything with respect to 28 U.S.C. § 2255 until ***three years*** after the limitations period.

Furthermore, Johnson has not alleged anything substantial that "in some extraordinary way" prevented him from asserting his rights, much less that he "exercised reasonable diligence in investigating and bringing [the] claims" forward. Rather, Johnson,

9

still having not identified the habeas claims he wishes to pursue, alleges only that he spoke with trial counsel in June of 2002, prior to the deadline for filing a § 2255 motion. According to Johnson, he told counsel that he needed counsel's help to file a § 2255 motion, but counsel did not get back to him. Johnson then did nothing for three years.

Tolling the limitations period for three years is simply not justified here. Johnson stated in his August 1, 2002 letter to this Court -- a letter sent *within* the limitations period -- that he planned to file a § 2255 motion *himself*, and he now admits that he was *fully aware* at that time of the one-year limitations period. In circumstances such as these, equitable tolling is not warranted. See Nolan v. United States, 358 F.3d 480 (7th Cir. 2004) (defendant was not entitled to equitable tolling of 1-year limitations period for filing § 2255 motion, where defendant filed motion for new trial and appealed the denial of motion for new trial the same month that the limitations period was about to expire, and then waited three years before filing motion to vacate).

Equitable tolling is to be used by the courts "only sparingly." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). Thus, it should come as no surprise that courts routinely reject equitable tolling claims for pro se defendants who have faced much more substantial hurdles than those presented here. See, e.g., United States v. Cicero, 214 F.3d 199, 201 (D.C. Cir. 2000)

(equitable tolling denied even though defendant filed motion only three months late, and his work had been interrupted as he had been stabbed by a fellow inmate, incarcerated in administrative segregation, and denied access to his legal papers for over two months); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling denied, even though motion filed only one day late and defense counsel's father had died two weeks before the filing deadline); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (denying equitable tolling, notwithstanding the fact that defendant had been confined in the psychiatric ward, medicated, separated from his glasses and rendered legally blind; defendant had 6 months after release from ward to file motion).[1]

### D. No certificate of appealability should issue.

When a district court denies relief on a procedural ground, a defendant is only entitled to a certificate of appealability if he can demonstrate (i) that jurists of reason would find the correctness of the ruling on the procedural ground is debatable, and (ii) that the prerequisite set forth in 28 U.S.C. § 2253(c)(2) has been met. See Slack v. McDaniel, 529 U.S. 473,

---

[1] Should the Court disagree with the government's position that, as a matter of law, Johnson's allegations and the record as a whole do not warrant equitable tolling, the government requests that an evidentiary hearing be held for further exploration of this matter, to be attended by Johnson and former counsel, Attorney Finkelstein.

11

484 (2000). Because it is clear that Johnson's factual allegations and the factual record as a whole do not meet the standard for equitable tolling, a certificate of appealability should be denied.

Even if the ruling were debatable, however, Johnson cannot meet the second requirement, either.  Under 28 U.S.C. § 2253(c)(2), "A certificate of appealability may issue [in a habeas proceeding or in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right."  Section 102 of the Antiterrorist and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253(c)(2).  The Third Circuit has interpreted the statute to mean what it says: the Court may not review non-constitutional or insubstantial constitutional questions.  See United States v. Brooks, 230 F.3d 643, 645-646 (3d Cir. 2000); United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000). Because Johnson has failed to show a substantial denial of a constitutional right, no certificate of appealability should issue as well.

   III.   CONCLUSION

For the foregoing reasons, Johnson's belated attempt to file a § 2255 motion is clearly barred by the 1-year limitations period, and equitable tolling is not warranted.  For those same reasons, Johnson has not made a substantial showing of the denial

of a constitutional right, and a certificate of appealability likewise should not issue.

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney

By:  s/Troy Rivetti
    Troy Rivetti
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    Suite 4000
    Pittsburgh, PA  15219
    (412)644-3500 (Phone)
    (412)644-2645 (Fax)
    Troy.Rivetti@usdoj.gov
    PA ID No. 56816

CERTIFICATE OF SERVICE

I hereby certify that, in addition to electronic service to counsel of record, a true and correct copy of the within pleading was served by U.S. Mail to and upon the following:

Fred Johnson
06964-068
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501-1000

s/Troy Rivetti
Troy Rivetti
Assistant U.S. Attorney
U.S. Post Office & Courthouse
Suite 4000
Pittsburgh, PA  15219
(412)644-3500 (Phone)
(412)644-2645 (Fax)
Troy.Rivetti@usdoj.gov
PA ID No. 56816