IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) 2:00cr177 |
| FRED JOHNSON, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition are a MOTION TO RECONSIDER ORDER TO FILE PETITION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 ("Motion to Reconsider") (*Document No. 35*), filed *pro se,* a PETITION FOR LEAVE FOR DEFENDANT TO FILE FIRST MOTION FOR WRIT OF HABEAS CORPUS *NUNC PRO TUNC* ("Petition for Leave") (*Document No. 37*) filed by counsel for Fred Johnson, and the GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER TO FILE PETITION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 AND DEFENDANT'S PETITION FOR LEAVE TO FILE FIRST MOTION FOR WRIT OF HABEAS CORPUS NUNC PRO TUNC ("Response") (*Document No. 39*). For the following reasons, the motion and petition will be denied.

Background

On May 10, 2001 defendant Fred Johnson ("Johnson") entered a plea of guilty to all counts of a three-count Indictment before the Honorable Donald E. Ziegler. Counts One and Two charged Johnson with distribution of and possession with intent to distribute heroin, while Count Three charged Johnson with distribution of and possession with intent to distribute cocaine base, *i.e.*, crack. On July 24, 2001 Judge Ziegler sentenced Johnson to a 151 month term of imprisonment. The judgment of conviction was also entered on July 24, 2001. *See* Document No. 28. No notice of appeal was filed, and the judgment of conviction became final on August 3, 2001 when the 10-day time period for filing a notice of appeal expired. *See* Federal Rule of Appellate Procedure 4(b)(1)(A)(i); *United States v. Viola*, No. CIV.A. 02-9014, 2003 WL 21545108, *1 (E.D. Pa. July 7, 2003) ("If no direct appeal is taken, the judgment of conviction is

final 10 days after entry of the judgment on the district court's docket.").

On August 7, 2002, a letter dated August 1, 2002 from Johnson to the "Clerk of the U.S. Courts of Appeals for the Third District" was entered on this Court's docket as a notice of appeal from Johnson's judgment of conviction (the "First Letter"). *See* Document No. 31. The complete text of the letter is as follows: "Dear Clerk; In United States v. Fred Johnson, Docket #00-00177-001, I would like to appeal my sentencing. I am about fourteen days past the dead line (*sic*) to appeal, please forgive me and place me on the Appeals docket. Thank you. Sincerely, Fred Johnson." *See* Document No. 31. In fact, Johnson's notice of appeal was filed exactly one year and fourteen days after the judgment of conviction was entered, and was therefore untimely. The case file also contains another letter dated August 1, 2002 from Johnson to the Clerk of the Third Circuit (the "Second Letter"). The Second Letter reads as follows: "Dear Clerk; Please appoint me a lawyer to do my appeal. I will be filing a §2255 on my former lawyer. Thank you. Sincerely, Fred Johnson." It is not clear whether Johnson mailed this letter to the District Court or the Third Circuit.

The Clerk of Courts sent the record to the Third Circuit on August 7, 2002, which was the same day that Johnson's untimely notice of appeal was filed. By Order of August 9, 2004, a panel of the Third Circuit concluded that Johnson's notice of appeal was untimely, and that the Third Circuit lacked jurisdiction to hear the appeal. *See* Document No. 32. The Third Circuit also remanded the appeal to this Court "so that the District Court may consider whether the document submitted by Appellant and treated as a notice of appeal should be construed as a petition to vacate sentence under 28 U.S.C. § 2255." *Id*. However, the Third Circuit cautioned that it "is not expressing any opinion on whether the document may be so construed nor whether the District Court has jurisdiction to grant Appellant relief under that section." *Id*.

In a Memorandum Order filed on July 1, 2005, this Court ruled that Johnson's letter filed on August 7, 2002 (the "First Letter") could not be construed as a petition to vacate sentence under 28 U.S.C. § 2255, and that the letter was properly construed as a notice of appeal by the Clerk of Courts. *See* Document No. 34. The Court observed that "[t]he language of the letter makes no reference whatsoever to section 2255, nor does it make any other request for relief

other than to be "place[d] on the Appeals docket." *See id.* Thereafter, counsel was appointed to advise Johnson of his right to file a petition pursuant to 28 U.S.C. § 2255, which culminated in the filing of the above-referenced Petition for Leave on August 22, 2005. At approximately the same time that counsel was appointed, Johnson filed his *pro se* Motion to Reconsider.[1]

Discussion

Johnson contends in his Motion to Reconsider that "[t]he District Court denied Petitioner's right to construe Johnson's letter dated August 1, 2002, as a petition to vacate sentence under 28 U.S.C. § 2255," and he "prays that the Court reconsider and vacate it's (sic) previous order and that the Court reinstates (sic) Petitioner's right to file a 28 U.S.C. § 2255 Motion to Vacate and appoint him counsel, and or conduct an evidentiary hearing on this matter." Motion to Reconsider at 2, 4.[2] Johnson's argument in support of reinstating his right to file a section 2255 petition is as follows:

> The Petitioner informed his former attorney, Jay J. Finkelstein on June 29, 2002, that he intended to file a 28 U.S.C. § 2255 and that he needed his help and advise (*sic*) on how to file a 28 U.S.C. § 2255 Motion to Vacate sentence. The attorney, Jay J. Finkelstein, said to me over the phone that he would get back with me soon, but never did.
> The petitioner knew that there was a time limitation for filing a 28 U.S.C. § 2255 Motion to Vacate Sentence. So on August 1, 2002, two days before the deadline the Petitioner sent 2 letters to the Court system. One to the Clerk of the U.S. Court of Appeals for the Third District and the other letter to the Western District

---

[1]. Generally speaking, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

[2]. The Court declines to conduct an evidentiary hearing on this matter. Whether to conduct a hearing is within the sound discretion of the district court. *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992) (*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In exercising such discretion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day*, 969 F.2d at 41-42 (citation omitted). The Court finds and rules that the pending motions, the file and the record of the case conclusively establish that Johnson is not entitled to relief.

> of Pennsylvania U.S. Clerk of Courts, informing the Court that he wanted to file a 28 U.S.C. § 2255 Motion, but didn't have the know how and his attorney would not help him or communicate with him.
> ***
> The Petitioner sent the letters as a Notice to the Court of his intent to file a 28 U.S.C. § 2255 Motion to Vacate before the one-year time limitation expired.

Motion to Reconsider at 2-4.

The Petition for Leave argues that Johnson's Second Letter should "be accepted by this Court as his best effort to obtain relief under 28 U.S.C. § 2255," and that Johnson should "be permitted to file, by a specified date, a Motion for Writ of Habeas Corpus as if he had done so within the one year limitation period." Petition for Leave at 3. The Petition for Leave also suggests that the circumstances of this case warrant the application of equitable tolling. *Id*. at 2-3.

The Court finds and rules that it is not reasonable to construe either of the two letters dated August 1, 2002 as a petition to vacate sentence under 28 U.S.C. § 2255. The First Letter is clearly a *pro se* notice of appeal, and cannot reasonably be construed otherwise. The Second Letter is clearly a request for the appointment of an attorney *"to do my appeal"* with his expression of an intention to file a section 2255 petition, and cannot reasonably be construed otherwise. Although the Court is obligated to, and does, construe Johnson's *pro se* letters (and Motion to Reconsider) in a light most favorable to him, there is no basis in fact or law for Johnson's request to transform either the First or Second Letter into a section 2255 petition. Indeed, Johnson essentially admits that the Second Letter is not a section 2255 petition when he states that the letters were sent "to inform the Court of his intentions to want to file a 28 U.S.C. § 2255 ..." Motion to Reconsider at ¶ 8.

The Court also finds and rules that the facts alleged by Johnson, *i.e.* his alleged communication problems with his trial counsel, do not justify equitable tolling. First, a prisoner has no right to the assistance of counsel in preparing a section 2255 petition. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Second, the one-year statute of limitations period established by the AEDPA is subject to equitable tolling only in rare circumstances. In *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) the Third

Circuit provided the following guidance:

> [W]e observe that equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations, quotations and brackets omitted). One year later, in *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), the Third Circuit held that "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." (citations and quotation marks admitted). Finally, "[i]n non-capital cases, attorney error, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244, *cert. denied*, 534 U.S. 944 (2001).

      The letters authored by Johnson and the factual allegations of his Motion to Reconsider, taken as true,[3] demonstrate that Johnson wanted to appeal and/or file a section 2255 petition, lacked the know-how to do so independently, and sought the assistance of his trial counsel, who "said ... that he would get back to [Johnson] soon, but never did." Motion to Reconsider at ¶ 6. Johnson then sent the First Letter and the Second Letter "to the Court on August 1, 2002, to inform the Court of his intentions to want to file a 28 U.S.C. § 2255 and looking to the Court for guidance and ask for an appointment of counsel." *Id*. at ¶ 8. The facts alleged by Johnson demonstrate that he did not exercise reasonable diligence in investigating and bringing any claim(s) he might have under section 2255, and that his failure to file a section 2255 petition can fairly be attributed to inadequate research (or no research whatsoever). Therefore, the Court will deny Johnson's Motion to Reconsider and counsel's Petition for Leave.

                                                              McVerry, J.

---

[3]. The Court takes Johnson's allegations of fact as true for the purpose of this Memorandum Opinion. *See United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| | )    **2:00cr177** |
| **FRED JOHNSON,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 17th day of October, 2005, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that the *pro se* Motion to Reconsider Order to File Petition to Vacate Sentence Under 28 U.S.C. § 2255 (*Document No. 35*) and counsel's Petition for Leave for Defendant to File First Motion for Writ of Habeas Corpus Nunc Pro Tunc (*Document No. 37*) are **DENIED**.

                                                                               BY THE COURT:

                                                                               s/ Terrence F. McVerry
                                                                               United States District Court Judge

cc:     Fred Johnson, *pro se*
          Reg. No. 06964-068
          FCI Cumberland, Unit D-1
          P.O. Box 1000
          Cumberland, MD 21501-1000

          Troy Rivetti, Assistant United States Attorney
          Email: Troy.Rivetti@usdoj.gov

          Jay J. Finkelstein, Assistant Federal Public Defender
          Email: jay_finkelstein@fd.org

          R. Damien Schorr, Esquire
          Email: damienschorr@comcast.net