IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fred Johnson, | * |
| Petitioner, | * |
| v. | * Case No. 2:00CR177 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

...oooOOOooo...

## NOTICE OF APPEAL

COMES NOW, Fred Johnson, pro-se and without counsel, to notify the Court, of his desire to file an Appeal, pursuant to the denial of Petitioner's Motion to Reconsider Order To File Petition To Vacate Sentence Under 28 U.S.C. § 2255, filed pro-se, a Petition For Leave For Defendant To File First Motion For Writ Of Habeas Corpus Nunc Pro Tunc from the Western District Of Pennsylvania, U.S. District Court, in the above captioned case.

RESPECTFULLY SUBMITTED this 28 day of November 1, 2005.

Fred Johnson, pro-se
Reg. No. 06964-068
FCI-Cumberland
P.O. Box 1000
Cumberland, Maryland 21501-1000

```
                    IN THE UNITED STATES
                  3rd CIRCUIT COURT OF APPEALS
                         PHILIDELPHIA
```

| | | |
|---|---|---|
| Fred Johnson, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Case No. 2:00CR177 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

...oooOOOooo...

**MOTION OF APPEAL
TO MOVE THIS COURT TO GRANT
PERMISSION TO FILE INITIAL 28 U.S.C. 2255 MOTION
TO THE WESTERN DISTRICT OF PENNSYLVANIA**

---

COMES NOW, Fred Johnson, pro-se and without counsel, to move this Honorable Court to review and relieve Petitioner of the denial of his Motion to file a 28 U.S.C. § 2255 Petition, in the United States District Court of Western Pennsylvania, Pittsburgh. The District Court handed down its denial on October 17, 2005. (Decision of the Honorable Terrence F. McVerry, District Judge, Document 40, of the above captioned case.)

Petitioner is asking this Honorable Court to relieve him of the denial judgment for the following reason; He was acting in a pro-se capacity when he first contacted the U.S. District Court, for the Western District of Pennsylvania. Petitioner had sent letters to the Court expressing his desire to appeal his case. The wording of the letter(s) was not properly interpretted, therefore, his request for review was denied.

## JURISDICTION

Mr. Johnson was found guilty in the United States District Court for the Western District of Pennsylvania, in the above captioned case. Subsequent to his conviction and sentencing he filed a letter, to the Court, indicating his desire to appeal. The U.S. District Court has denied his First Motion for Writ of Habeas Corpus. Under the authority of Rule 3 and Rule 4 of the Federal Rules of Appellate Procedure, Petitioner is now coming to this Court seeking a review and permission to file his First Motion for Writ of Habeas Corpus.

## FACTS PRESENTED

On May 10, 2001 Mr. Johnson entered a plea of guilty to all counts of a three-count Indictment before the Honorable Donald E. Ziegler. On July 24, 2001, Judge Ziegler sentenced Mr. Johnson to a 151 month term of imprisonment. The judgment of conviction was also entered on July 24, 2001. No Notice of Appeal was filed.

On August 1, 2002, Mr. Johnson sent a letter to the Clerk of the U.S. Courts of Appeals for the Third District, which was entered on the District Court's Docket as a Notice of Appeal, on August 7, 2002. A second letter was sent by Mr. Johnson, also on August 1, 2002, to the Clerk of the Third Circuit. The first letter was entered as Document No. 32, and the second letter was entered as Document No. 34. Both of these letters expressed Mr. Johnson's desire to appeal his case. One of the letters specifically referred to a 28 U.S.C. § 2255.

The result of these two letters has resulted in Mr. Johnson being denied to file a § 2255 Petition.

## ISSUE PRESENTED

Petitioner is pro-se, therefore, he ask the Court to construe this Request for Review be held under the less stringent standards of that expected of attorney's, as stated in Haines. See Haines v. Kerner, 404 U.S. 519 (1972).

Because Petitioner was pro-se in his previous request to the District Court, that being the letter(s), announcing his desire to appeal his case, Petitioner request that the Court review those letter(s) with the same "less stringent standards of that expected of attorney's". Id. Haines.

As this Honorable Court is aware, Petitioner is untrained and not educated in the law. He has no post-high school education. Petitioner was arrested, in this instant case for the violations of possession and distribution of heroin and cocaine base. He was held in detention upto the giving of his guilty plea and the sentencing hearing. Shortly after sentencing he was delivered to the Bureau of Prisons by the U.S. Marshall Service.

Through-out the above stated process Petitioner was represented by court-appointed counsel. The last time he has spoke to his court-appointed counsel was at the sentencing hearing. The court-appointed counsel did not file a Notice of Appeal, within (10) days after the sentencing hearing, so the conviction and sentence was not appealed.

Petitioner is indigent and impoverished. He works a job for the Bureau of Prisons of which he receives 12¢ per hour. Thereby, Petitioner has not had the necessary funds to hire counsel to file an appeal. Petitioner, being untrained in the law, has wanted to appeal his case, but did not know how to take the necessary steps to do so. His court-appointed attorney never

3

informed him of a 28 U.S.C. § 2255 Petition or a collateral attack, nor instructed him of the steps necessary to file a motion under 28 U.S.C. § 2255. His court-appointed attorney did not inform Petitioner of the necessity of a § 2255 motion being made within one year of the judgment against him being filed in the District Court.

While incarcerated at the Federal Correctional Institution of the Bureau of Prisons (BOP) the Petitioner became aware of the time limitations to file a § 2255 motion. Petitioner learned of the time limitation from a fellow inmate. Still Petitioner was not aware of the grounds he could file on, and the process needed, to request the Court to move on those grounds.

Petitioner learned at the BOP Orientation Class, at the Correctional Institution of Cumberland, Maryland, that the facility has a law library, which is staffed by inmates. The law library inmates (clerks) are permitted to retrieve law books for other inmates, and then on their own time they attempt to assist those other inmates with their cases. Petitioner soon learned that this process is somewhat like "the blind leading the blind".

Petitioner has no way of proving this process, described above, to the Court, so he ask the Court to please have a broad understanding and liberty when interpreting these remarks. During the course of Petitioner's first year, after judgment, he was detained in detention for two months, then was taken to a transfer center, operated by the BOP, then ultimately taken to FCI-Cumberland, Maryland. He was given a job, at Cumberland, and told to Program, which is to take day or evening classes. Petitioner's schedule permitted him to spend some time in the law library, but the

4

law library is not always open when the Petitioner is off work and not programming. He therefore could not devote all of the time he has had out of his housing unit to being in the law library.

The explanation, aforementioned, is somewhat similar to Klapprott, See Klapprott v. United States, 93 LEd 266. Klapprott had a complaint in a proceeding to revoke a certificate of naturalization on the ground that the person naturalized had falsely sworn allegiance to the United States, served on him at a time when, weakened and impoverished by illness, he was without means to hire a lawyer. Before the time to answer expired, he was arrested on a charge of conspiracy to violate the Selective Service Act and imprisoned because he was unable to furnish bail. The lawyer appointed to defend him on the conspiracy charge promised to help him in the cancellation proceeding, but failed to do so. Judgment by default was rendered against him. While serving a sentence on the conspiracy charge, he was brought to trial on a charge of sedition. His conviction for conspiracy was ultimately reversed and the sedition charge, after a mistrial, was dropped. Having sought unsuccessfully to enjoin deportation, he petitioned to have the judgment revoking the certificate of naturalization set aside, setting forth the circumstances under which the default arose. The Supreme Court agreed that a Federal District Court erred in dismissing the petition and that the Court of Appeals erred in affirming the dismissal, and therefore the default should be reopened for a hearing on the merits. Id. Klapprott.

This similarity with this Petitioner and Klapprott, is that Petitioner is impoverished, without counsel, has restricted movement, while being incarcerated, has a restricted schedule, was not

informed on how to file an appeal to the District Court, and is untrained in the law.

Petitioner does now understand that the term appeal is actually a 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct a Sentence by a person in Federal custody.

In Klapprott, he filed pursuant to Rule 60(b), which the Court majority expressed the view that the propriety of relief was governed by the liberalizing amendment to Rule 60(b) of the Federal Rules of Civil Procedure, and that the ground for relief was something other than "excusable neglect" and so not barred by the one year limitation. Id. Klapprott. The Court, in Klapprott, ruled that "it would work injustice" to not allow Klapprott to have his issues heard. The Court went on to say that it would seem inconceivable that one could think it would work any injustice to the Government to measure the petitioner's rights, where all he asks is a chance to try the denaturalization proceeding on its merits. Id. Klapprott @274.

Likewise, this Petitioner, Mr. Johnson, is only asking for the chance to present his grounds in a § 2255 motion. Surely this would not work any injustice to the Government.

Petitioner has learned that the United States Circuit Courts have taken direction from the Supreme Court, after its decision in Houston v. Lack. The Houston decision was that a petition or motion to the United States Courts is considered timely filed when it is placed in the Prison Legal Mail Box, even if it's on the date that the petition or motion is due in the Courts.

In this case, Petitioner did place his two letters, which indicated that he wanted to appeal his case, in the Prison Legal

Mail Box, on August 1, 2002; and August 1, 2002, was in the time limitation period to file a § 2255 motion.

The District Court has ruled that the letter(s) did not express specifically that this Petitioner was wanting to file a § 2255 Motion, only that he intended to appeal. Petitioner respectfully ask the Court to interpret the expression "to appeal" broadly, as Petitioner is not trained in the law. The time to file a Direct Appeal had obviously been far exceeded, and the only appeal this Petitioner could possibly be referring to, in the two letter(s), would be a § 2255 Motion.

Petitioner sees that a § 2255 Motion is a Motion to reconsider, vacate, or set aside a conviction or sentence, but with no training in the law, he interpretted a § 2255 Motion as an appeal to either his conviction or sentence.

Petitioner was seeking some legal direction from the Court. Being without counsel, he had no one else to turn too. He is humbly requesting this Court to allow him the opportunity to file a § 2255 Motion. Surely it would not place a great burden on the Government or the Court.

Under the extensive power of the Court, Petitioner request sufficient time to now file a § 2255 Motion.

## CONCLUSION

For the foregoing reasons, Petitioner request and prays that this Honorable Court will reconsider the judgment of the District Court and allow Petitioner time to file a 28 U.S.C. § 2255 Motion.

RESPECTFULLY SUBMITTED this 28 day of November, 2005.

_Frederick Johnson_

7                                      Frederick Johnson, pro-se