```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       )
                               )
          v.                   )     Criminal No. 00-177
                               )
FRED JOHNSON                   )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Assistant United States Attorney for said district, and hereby files the following opposition to defendant's motion:

Defendant Johnson has filed a pro-se motion in which he requests a sentence reduction based on retroactive application of the new Sentencing Guidelines for crack cocaine offenses. See Docket No. 47. As explained below, the government opposes defendant's motion. Johnson was sentenced as a career offender, and the new crack cocaine Sentencing Guidelines have no impact on his actual sentence.

### I. PROCEDURAL OVERVIEW

On May 10, 2001, defendant Fred Johnson pleaded guilty to two counts of distribution and possession with intent to distribute heroin (Counts 1 and 2 of the Indictment) and distribution and possession with intent to distribute crack cocaine (Count 3 of the Indictment. See Docket No. 22. As a result of his 3 prior felony

drug-trafficking convictions, Johnson was deemed a career offender, resulting in a Total Offense Level of 29, Criminal History Category VI, and a guidelines range of 151 to 188 months. See Presentence Report, ¶¶ 21, 23, 65. Prior to sentencing, Johnson requested a downward departure, arguing that career offender status over-represented the seriousness of his criminal history. See Docket Nos. 24, 26. The Court rejected this argument and sentenced Johnson to a term of imprisonment of 151 months. See Docket Nos. 27, 28.

On May 30, 2008, Johnson filed the instant pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). See Docket No. 47. In his motion, Johnson makes reference to the "new crack law," and wants to know if he is "eligible." Id. Johnson acknowledges that he was sentenced as a "career offender," but he asks this Court for "consideration." Id.

As explained below, the government opposes Johnson's motion. Johnson was sentenced as a career offender, and the new Sentencing Guidelines for crack cocaine offenses have no bearing or impact on his sentence.

## II.  ARGUMENT

### A.  Governing Legal Standards

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been
> sentenced to a term of imprisonment based on a
> sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant
> to 28 U.S.C. §994(o), upon motion of the
> defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may
> reduce the term of imprisonment, after
> considering the factors set forth in section
> 3553(a) to the extent that they are
> applicable, if such a reduction is consistent
> with applicable policy statements issued by
> the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), effective March 3, 2008, provides, in relevant part:

> (1)  In General.—In a case in which a
>      defendant is serving a term of
>      imprisonment, and the guideline range
>      applicable to that defendant has
>      subsequently been lowered as a result of
>      an amendment to the Guidelines Manual
>      listed in subsection (c) below, the court
>      may reduce the defendant's term of
>      imprisonment as provided by 18 U.S.C.
>      § 3582(c)(2). As required by 18 U.S.C.
>      § 3582(c)(2), any such reduction in the
>      defendant's term of imprisonment shall be
>      consistent with this policy statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11,

3

2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history

category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

Significantly, even if a defendant qualifies for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously

discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the

> amended guideline range that would have been
> applicable to the defendant if the
> amendment(s) to the guidelines listed in
> subsection (c) had been in effect at the time
> the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.

Subject to the limits set forth in Section 1B1.10(b) (discussed below), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors

7

are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

In situations where a court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3. Thus, the Court may not reduce the sentence below the range provided by

the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

Moreover, section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its recently revised policy statements, the Sentencing Commission made clear that proceedings under Section 1B1.10 and Section 3582(c)(2) "do not constitute a full resentencing of the defendant." Furthermore, in subsection (b)(1) the policy statement explicitly directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*" (emphasis added). The limitation imposed by the Sentencing Commission must be respected. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "do[es] not contemplate a full de novo resentencing") (quoting United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997)); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.").

Plainly, the provision for reduction of sentence stated in Section 3582(c)(2) and implemented in Section 1B1.10 is narrow, given the essential jurisprudential interest in finality in criminal litigation. See Teague v. Lane, 489 U.S. 288, 308-10 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect."). A federal criminal sentence is generally final following a direct appeal, and modification is permitted by law only in very circumscribed situations. Section 3582(c)(2) allows modification based on a guideline amendment deemed retroactively applicable by the Sentencing Commission; Federal Rule of Criminal Procedure 35 allows a revision based on specified clerical and technical errors, or pursuant to a government motion; and 28 U.S.C. § 2255 permits resentencing to correct errors of constitutional magnitude or those amounting to a miscarriage of justice.

Thus, the power afforded in Section 3582(c)(2) is limited, and that limit must be respected. See Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in Section 1B1.10, which sets forth the amendments that justify sentence reduction.") (emphasis in original). The Third Circuit explained:

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002).

McBride rejected an effort to invoke the new constitutional rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) (that any fact which increases a statutory maximum sentence must be proven to a jury beyond a reasonable doubt), through the filing of a Section 3582(c)(2) motion, given that Apprendi did not represent an action of the Sentencing Commission lowering a guideline range.  McBride held that, consistent with the limited relief afforded by Sections 3582(c)(2) and 1B1.10, the district court could impose a sentence within a reduced guideline range regardless of whether that sentence violated Apprendi.  McBride, 283 F.3d at 615-16.

All other courts have acted consistently in rejecting any claims made under Section 3582(c)(2) other than those seeking application of a retroactive guideline amendment.  See, e.g., United States v. Jordan, 162 F.3d 1 (1st Cir. 1998) (when reducing a sentence based on a retroactive amendment, the court does not have authority to grant a departure on any other ground, including the provision in Section 5K2.0 for departures in extraordinary cases); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir.

11

2007) (Section 3582(c)(2) motion may not be employed to present claim under Booker); United States v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007) (same; explaining that a Section 3582(c)(2) motion may only be presented based on a guideline amendment of the Sentencing Commission, as the basis of the motion is distinct from other claims which might affect the sentence, which must be presented, if at all, under Section 2255); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (Section 3582(c)(2) motion may not be employed to present claim under Apprendi); United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005) (claims that district judge miscalculated the defendant's relevant conduct, and that the CCE statute was improperly applied, were cognizable only under Section 2255, and the Section 3582(c)(2) motion was therefore properly dismissed); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (Section 3582(c)(2) motion may not be employed to present claim under Booker); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (district court was correct to deny Eighth Amendment claim; "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one. Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Section 3582(c)(2) motion may not be employed to present claim under Booker).

B.    Defendant Johnson Is Not Entitled
      to a Sentence Reduction

Johnson's Section 3582(c)(2) motion must be denied in this case because the defendant's guideline range is not affected by the retroactive amendments.  In particular, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended.

Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack and heroin was 20; that offense level would be reduced to 18 pursuant to Amendment 706.  However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 32 pursuant to Section 4B1.1.  That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing.  Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10 (b)(1).  Accordingly, the defendant may not receive any relief under Section 1B1.10.

Courts which have addressed the career offender scenario are unanimous in so holding.  See, e.g., United States v. Gray, 2008 WL 895012, *2 n.1 (4th Cir. Apr. 2, 2008) (not precedential); United States v. Bronson, 2008 WL 539796, *2 (4th Cir. Feb. 27,

2008) (not precedential); United States v. Tingle, 2008 WL 1902055
(8th Cir. May 1, 2008); United States v. Williams, 2008 WL 762083,
*7 (E.D. Ark. Mar. 18, 2008); United States v. Turner, 2008 WL
276581 (W.D. Ark. Jan. 30, 2008); United States v. McDougherty,
2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); United States v.
Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v.
Brantley, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); United States
v. Davis, 2008 WL 660277 (M.D. Fla. Mar. 6, 2008); United States v.
Straughter, 2008 WL 717686 (S.D. Fla. Mar. 24, 2008); United States
v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States
v. McKinney, 2008 WL 2224899 (S.D. Ill. May 27, 2008); United
States v. Nunnally, 2008 WL 2266301 (N.D. Ind. June 2, 2008);
United States v. Diaz, 2008 WL 2036831 (N.D. Iowa May 9, 2008);
United States v. Martin, 2008 WL 1995090 (D. Kan. May 6, 2008);
United States v. Conce, 2008 WL 2038901 (D. Mass. May 13, 2008);
United States v. Washington, 2008 WL 660227 (D. Me. Mar. 6, 2008);
United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008);
United States v. Lewis, 2008 WL 1968712 (S.D. Miss. May 5, 2008);
United States v. Ware, 2008 WL 906410 (D.N.H. Apr. 3, 2008); United
States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United
States v. Taylor, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008); United
States v. Rivera, 535 F. Supp. 2d 527 (E.D. Pa. 2008); United
States v. Thompson, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United
States v. Wright, 2008 WL 2078134 (D.S.C. May 15, 2008); United
States v. Jackson, 2008 WL 892688 (W.D. Va. Mar. 28, 2008); United

14

States v. White, 2008 WL 724171 (W.D. Va. Mar. 17, 2008); United States v. Manns, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); United States v. Garcia, 2008 WL 725025 (E.D. Wash. Mar. 17, 2008); United States v. Biami, 2008 WL 1869108 (E.D. Wis. Apr. 22, 2008) (includes extensive analysis and citation of numerous district court decisions which unanimously agree with this result). But see United States v. Nigatu, 2008 WL 926561 (D. Minn. Apr. 7, 2008) (while a defendant sentenced as a career offender does not benefit from the retroactive amendment, the amendment applied in this case, where the district court at the original sentencing hearing did not apply the career offender guideline upon finding that it overstated the defendant's criminal history); United States v. Poindexter, 2008 WL 1946821 (E.D. Pa. May 2, 2008) (same).

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court deny defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Troy Rivetti
Troy Rivetti
Assistant U.S. Attorney
U.S. Post Office & Courthouse
Suite 4000
Pittsburgh, PA  15219
(412)644-3500 (Phone)
(412)644-2645 (Fax)
Troy.Rivetti@usdoj.gov
PA ID No. 56816